UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MACK ESCHER, GUN OWNERS' ACTION LEAGUE, COMMONWEALTH SECOND AMENDMENT, FIREARMS POLICY COALITION, INC., SECOND AMENDMENT FOUNDATION, NATIONAL RIFLE ASSOCIATION OF AMERICA, and GUN OWNERS OF AMERICA, INC, <br>    Plaintiffs, <br><br>V. <br><br>COLONEL GEOFREY NOBLE, in his official capacity as Superintendent of the Massachusetts State Police and of the Commonwealth of Massachusetts, JAMIE GAGNON, in his official Capacity as Commissioner of the Department of Criminal Justice Information Services, and HEATH J. ELDREDGE, in his official capacity as Chief of Police of Brewster, Massachusetts, <br>    Defendants | ) ) ) ) ) CIVIL ACTION NO. 1:25-cv-10389-GAO ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANT HEATH J. ELDREDGE'S ANSWER AND JURY CLAIM.

The Defendant, Heath J. Eldredge (hereinafter "Chief Eldredge"), in his official capacity as the Chief of Police of Brewster, Massachusetts, answers the Plaintiffs' Complaint as follows:

1.    Chief Eldredge neither admits nor denies the statements contained in Paragraph 1, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

2.    Chief Eldredge neither admits nor denies the statements contained in Paragraph 2, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

3.    Chief Eldredge neither admits nor denies the statements contained in Paragraph 3, as such are conclusions and/or characterizations of the law to which no response is required. To

1

the extent that factual allegations are asserted against him, Chief Eldredge denies same.

   4.  Chief Eldredge neither admits nor denies the statements contained in Paragraph 4, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

   5.  Chief Eldredge neither admits nor denies the statements contained in Paragraph 5, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

   6.  Chief Eldredge neither admits nor denies the statements contained in Paragraph 6, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

   7.  Chief Eldredge denies the statements contained in Paragraph 7.

   8.  Chief Eldredge neither admits nor denies the statements contained in Paragraph 8, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

   9.  Chief Eldredge neither admits nor denies the statements contained in Paragraph 9, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

   10.  Chief Eldredge neither admits nor denies the statements contained in Paragraph 10, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

   11.  Chief Eldredge admits that the Plaintiff is an adult over the age of 18 but under 21. As to the remainder of statements contained in Paragraph 11, Chief Eldredge has insufficient information to either admit or deny the allegations. To the extent that factual

allegations are asserted against him, the Defendant denies same.

12. Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 12. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

13. Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 13. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

14. Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 14. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

15. Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 15. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

16. Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 16. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

17. Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 17. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

18. Chief Eldredge neither admits or denies the allegations contained in Paragraph 18 as same are not directed to him. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

19. Chief Eldredge neither admits or denies the allegations contained in Paragraph 19

as same are not directed to him. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

20. Chief Eldredge admits the allegations contained in Paragraph 20.

21. Chief Eldredge admits that Governor Maura Healey signed An Act Modernizing Firearm Laws, H.B. 4885 on July 25, 2024 but neither admits nor denies the remainder of Paragraph 21 as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

22. Chief Eldredge neither admits nor denies the statements contained in Paragraph 22, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

23. Chief Eldredge neither admits nor denies the statements contained in Paragraph 23, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

24. Chief Eldredge neither admits nor denies the statements contained in Paragraph 24, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

25. Chief Eldredge admits only that he reviews and processes applications for statutorily eligible applicants in the Town of Brewster and neither admits nor denies the remainder contained in Paragraph 25, as such are conclusions and/or characterizations of the law to which no response is required unrelated to him. To the extent that other factual allegations are asserted against him, Chief Eldredge denies same.

26. Chief Eldredge neither admits nor denies the statements contained in Paragraph

26, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

27. Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 27 as he is not privy to the justification for such laws. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

28. Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 28 as to a justification for Massachusetts law. Chief Eldredge neither admits nor denies the remainder of Paragraph 28, as same makes conclusion of law. To the extent that factual allegations are asserted against him, the Defendant denies same.

29. Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 29 as to historical understandings. However, Chief Eldredge neither admits nor denies the remainder of Paragraph 29 to the extent such is stated as a conclusion of law. To the extent that factual allegations are asserted against him, the Defendant denies same.

30. Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 30. To the extent the Plaintiffs make conclusions and/or characterizations of the law to which no response is required, Chief Eldredge neither admits nor denies Paragraph 30.

31. Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 31 as historical fact. However, Chief Eldredge neither admits nor denies the remainder of Paragraph 31 to the extent such is stated as a conclusion of law. To the extent that factual allegations are asserted against him, the Defendant denies same.

32. Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 32. To the extent the Plaintiffs make conclusions and/or

characterizations of the law to which no response is required, Chief Eldredge neither admits nor denies Paragraph 32.

33. Chief Eldredge neither admits nor denies the statements contained in Paragraph 33, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

34. Chief Eldredge neither admits nor denies the statements contained in Paragraph 34, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

35. Chief Eldredge neither admits nor denies the statements contained in Paragraph 35, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

36. Chief Eldredge neither admits nor denies the statements contained in Paragraph 36, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

37. Chief Eldredge admits that the Plaintiff is an adult over the age of 18 but under 21. As to the remainder of statements contained in Paragraph 37, Chief Eldredge has insufficient information to either admit or deny the allegations. To the extent that factual allegations are asserted against him, the Defendant denies same.

38. Chief Eldredge admits that the Plaintiff is the holder of a firearm identification card. As to the remainder of statements contained in Paragraph 38, Chief Eldredge has insufficient information to either admit or deny the allegations. To the extent that factual allegations are asserted against him, the Defendant denies same.

39. Chief Eldredge has insufficient information to either admit or deny the allegations

contained in Paragraph 39. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

40. Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 40. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

41. Chief Eldredge neither admits nor denies the statements contained in Paragraph 41, as such are conclusions and/or characterizations of the law to which no response is required. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

42. Chief Eldredge neither admits nor denies the statements contained in Paragraph 42 to the extent such are conclusions and/or characterizations of the law to which no response is required. Otherwise, Chief Eldredge has insufficient information to either admit or deny the allegations contained in Paragraph 42. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

43. Chief Eldredge reasserts and realleges their responses to Paragraphs 1 – 42 above.

44. Chief Eldredge denies the allegations contained in Paragraph 44 of Count I.

45. Chief Eldredge neither admits nor denies the remainder of Paragraph 45, as same makes conclusion of law. To the extent that factual allegations are asserted against him, Chief Eldredge denies same.

46. Chief Eldredge denies the allegations contained in Paragraph 49 of Count I.

47. Chief Eldredge neither admits nor denies the remainder of Paragraph 47, as same makes conclusion of law. To the extent that factual allegations are asserted against him, the Defendant denies same.

48. Chief Eldredge denies the allegations contained in Paragraph 48 of Count I.

49. Chief Eldredge denies the allegations contained in Paragraph 49 of Count I.

50. Chief Eldredge denies the allegations contained in Paragraph 50 of Count I.

51. Chief Eldredge denies the allegations contained in Paragraph 51 of Count I.

52. Chief Eldredge denies the allegations contained in Paragraph 52 of Count I.

53. Chief Eldredge denies the allegations contained in Paragraph 53 of Count I.

## DEMAND FOR JURY TRIAL

The Defendant demands a trial by jury on all counts of the Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**:

The Plaintiffs have failed to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**:

The Plaintiffs have failed to present a case or controversy for which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**:

Any alleged injury sustained to the Plaintiffs was caused by a person or persons of whom this Defendant is not legally responsible.

**FOURTH AFFIRMATIVE DEFENSE**:

The Plaintiffs lack historical evidence in support of his claim to show the challenge statue is demonstrably unconstitutional pursuant to *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

**FIFTH AFFIRMATIVE DEFENSE**:

The Defendant is immune from suit as the Plaintiffs' case is against the Commonwealth

of Massachusetts itself and, therefore, he is shielded under the doctrine of sovereign immunity and the Eleventh Amendment.

WHEREFORE, The Defendant, Chief Eldredge, respectfully requests that the relief Plaintiffs seek be denied.

Defendant,
Heath J. Eldredge, in his official capacity as the
Chief of Police of Brewster, Massachusetts,

By his attorneys,

*/s/ Joseph Mongiardo*

Douglas I. Louison (BBO# 545191)
Joseph A. Mongiardo (BBO# 710670)
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109
dlouison@lccplaw.com
jmongiardo@lccplaw.com
(617) 439-0305

Date: April 23, 2025

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 23, 2025

Jason Guida, Esquire
Law Office of Jason A. Guida
11 17 Lark Avenue
Saugus, MA 01906
jason@lawguida.com

David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC 1523
New Hampshire Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
*Pro hac vice* forthcoming

Grace Gohlke
Massachusetts Attorney General's Office
McCormack Building
One Ashburton Place
Boston, MA 02108
617-963-2527
Email: grace.gohlke@mass.gov

Aaron Macris
Massachusetts Attorney General's Office
One Ashburton Place
Boston, MA 02108
617-963-2987
Email: aaron.macris@mass.gov

                        */s/ Joseph Mongiardo*

                        Joseph A. Mongiardo