UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MACK ESCHER; GUN OWNERS' ACTION LEAGUE; COMMONWEALTH SECOND AMENDMENT; FIREARMS POLICY COALITION, INC.; SECOND AMENDMENT FOUNDATION; NATIONAL RIFLE ASSOCIATION of AMERICA; and GUN OWNERS OF AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COLONEL GEOFFREY NOBLE, in his OFFICIAL CAPACITY as SUPERINTENDENT OF THE MASSACHUSETTS STATE POLICE and of the COMMONWEALTH of MASSACHUSETTS; JAMIE GAGNON, in his OFFICIAL CAPACITY as COMMISSIONER of the DEPARTMENT of CRIMINAL JUSTICE INFORMATION SERVICES; and HEATH J. ELDREDGE, in his OFFICIAL CAPACITY as the CHIEF of POLICE of BREWSTER, MASSACHUSETT, <br><br> Defendants. | C.A.  NO. 25-10389 |

ANSWER OF
<u>COLONEL GEOFFREY NOBLE AND COMMISSIONER JAMIE GAGNON</u>

Defendants Colonel Geoffrey Noble and Commissioner Jamie Gagnon (the "State Defendants") respond to the allegations in Plaintiffs' Complaint, by paragraph number, as follows:

1. Paragraph 1 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.

2. Paragraph 2 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.

3. Paragraph 3 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.

4. Paragraph 4 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.

5. Paragraph 5 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.

6. Paragraph 6 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required. The State Defendants nevertheless deny them.

7. Paragraph 7 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required. The State Defendants nevertheless deny them.

## JURISDICTION AND VENUE

8. Paragraph 8 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.

9. Paragraph 9 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.

10. Paragraph 10 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.

## PARTIES

11. The State Defendants admit that DCJIS records indicate that Mr. Escher is over the age of 18 but under 21 years old and reflect that he lives at an address in Brewster. Otherwise, the State Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 11, and on that basis, deny them.

12. The State Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 12, and on that basis, deny them.

13. The State Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 13, and on that basis, deny them.

14. The State Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 14, and on that basis, deny them.

15. The State Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 15, and on that basis, deny them.

16. The State Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 16, and on that basis, deny them.

17. The State Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 17, and on that basis, deny them.

18. The State Defendants admit that, by statute, local licensing authorities must, "[w]ithin 7 days of receipt of [a] completed [firearms license] application . . . [,] forward 1 copy of the application and 1 copy of the applicant's fingerprints to the colonel of the state police," and "[t]he colonel of the state police shall, within 30 days of receipt of the application and fingerprints, advise the licensing authority, in writing, of any disqualifying criminal record of the applicant arising from within or without the commonwealth and whether there is reason to believe that the applicant is disqualified from possessing the permit, card or license requested." G.L. c. 140, § 121F(c)–(d). To the extent the allegations in Paragraph 18 are inconsistent with this characterization, the State Defendants deny them.

19. The State Defendants admit that Commissioner Gagnon oversees DCJIS in its role of informing license authorities of conditions that disqualify an applicant for a firearms license, as provided in G.L. c. 140, § 121F. However, Massachusetts's MIRCS Firearms Licensing Portal, through which an application for a license to carry is submitted, simply does

not accept birthdates for any age under 21, so it would not be possible for an applicant under the

age of 21 to submit the application.  To the extent the allegations in paragraph 19 are inconsistent

with this characterization of Commissioner Gagnon's role, the State Defendants deny them.

20.     The State Defendants lack knowledge or information sufficient to form a belief as

to the allegations in paragraph 20, and on that basis, deny them.

**THE REGULATORY SCHEME AND THE**
**SECOND AMENDMENT**

21.     Admitted.

22.     Paragraph 22 comprises legal arguments, legal conclusions, and/or

characterizations of the law to which no response is required.

23.     Paragraph 23 comprises legal arguments, legal conclusions, and/or

characterizations of the law to which no response is required.

24.     Paragraph 24 comprises legal arguments, legal conclusions, and/or

characterizations of the law to which no response is required.

25.     The State Defendants admit that they each play some role in the processing of

firearm license applications in Massachusetts, as provided by G.L. c. 140, § 121F.  The

allegations in Paragraph 25 are vague as to what those roles are; to the extent those allegations

are intended to characterize the State Defendants' roles in a manner inconsistent with what is

provided by G.L. c. 140, § 121F, the State Defendants deny them.

26.     Paragraph 26 comprises legal arguments, legal conclusions, and/or

characterizations of the law to which no response is required.

27.     Paragraph 27 comprises legal arguments, legal conclusions, and/or

characterizations of the law to which no response is required.

28. Paragraph 28 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required. The State Defendants nevertheless deny them.

29. Paragraph 29 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required. Insofar as Paragraph 29 reflects historical facts, the State Defendants disagree with Plaintiffs' understanding and characterization of them.

30. Paragraph 30 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required. Insofar as Paragraph 29 reflects historical facts, the State Defendants disagree with Plaintiffs' understanding and characterization of them.

31. Paragraph 31 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required. The State Defendants nevertheless deny them.

32. Paragraph 32 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required. The State Defendants nevertheless deny them.

33. Paragraph 33 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required. The State Defendants disagree with Plaintiffs' apparent interpretation of the "Founding-era understanding" of the Second Amendment and deny that it is violated by the challenged laws.

34. Paragraph 34 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.

35.     Paragraph 35 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.

36.     Paragraph 36 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required. The State Defendants nevertheless deny them.

## THE EFFECT OF THE LAW ON PLAINTIFF
## ESCHER

37.     The State Defendants admit that DCJIS records reflect that (1) Mr. Escher is over the age of 18 but under the age of 21, and (2) Mr. Escher does not have any disqualifying criminal history. Otherwise, the State Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 37, and on that basis, deny them.

38.     The State Defendants admit that Mr. Escher holds a valid firearms identification card. Otherwise, the State Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 38, and on that basis, deny them.

39.     The State Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 39, and on that basis, deny them.

40.     The State Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 40, and on that basis, deny them.

41.     Paragraph 41 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required. Insofar as the legal assertions in Paragraph 41 depend on factual assertions about Escher's age, the State Defendants admit that DCJIS records reflect that Mr. Escher is over the age of 18 but under the age of 21.

42.     The State Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 42, and on that basis, deny them.

## COUNT I

### DEPRIVATION OF RIGHTS
### TO KEEP AND BEAR ARMS
### U.S. CONST., AMENDS II AND XIV
### 42 U.S.C. § 1983 AND *EX PARTE YOUNG*

43. Defendants incorporate by reference their responses in paragraphs 1-42.

44. Paragraph 44 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.

45. Paragraph 45 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.

46. Paragraph 46 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.  The State Defendants nevertheless deny them.

47. Paragraph 47 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.

48. The State Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 48, and on that basis, deny them.

49. Paragraph 49 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.  The State Defendants nevertheless deny them.

50. Paragraph 50 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.  The State Defendants nevertheless deny them.

51.     Paragraph 51 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.  The State Defendants deny that Plaintiffs' constitutional rights have been violated.

52.     Paragraph 52 comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.  The State Defendants nevertheless deny them.

## PRAYER

53.     Paragraph 1 of Plaintiff's prayer for relief comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.  The State Defendants deny that Plaintiffs are entitled to any relief.

54.     Paragraph 2 of Plaintiff's prayer for relief comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.  The State Defendants deny that Plaintiffs are entitled to any relief.

55.     Paragraph 3 of Plaintiff's prayer for relief comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.  The State Defendants deny that Plaintiffs are entitled to any relief.

56.     Paragraph 4 of Plaintiff's prayer for relief comprises legal arguments, legal conclusions, and/or characterizations of the law to which no response is required.  The State Defendants deny that Plaintiffs are entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

The State Defendants' sovereign immunity and Eleventh Amendment immunity bar Plaintiffs from seeking or obtaining relief against them.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for violation of Plaintiffs' constitutional rights.

## ADDITIONAL DEFENSES

The State Defendants reserve the right to raise any and all defenses that may become apparent or available during the course of the proceedings in this case.

WHEREFORE, Defendants respectfully request that the relief Plaintiffs seek be denied.

Respectfully submitted,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Aaron Macris*
Grace Gohlke, BBO #704218
Aaron Macris, BBO #696323
Assistant Attorneys General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108-1698
(617) 963-2527
(617) 963-2987
Grace.Gohlke@mass.gov
Aaron.Macris@mass.gov

April 23, 2025

## **CERTIFICATE OF SERVICE**

I, Aaron Macris, hereby certify that I caused this Answer to be served through the Court's e-filing and service system and by e-mail to:


Jason A. Guida, Esq.
Law Office of Jason A. Guida
17 Lark Avenue
Saugus, MA 01906
jason@lawguida.com

David H. Thompson, Esq.
Peter A. Patterson, Esq.
William V. Bergstrom, Esq.
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com



/s/ *Aaron Macris*
Aaron Macris
Assistant Attorney General


Dated: April 23, 2025