## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MACK ESCHER, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-10389-GAO |
| ) | |
| COLONEL GEOFFREY NOBLE, in his ) | |
| official capacity as Superintendent of the ) | |
| Massachusetts State Police and of the ) | |
| Commonwealth of Massachusetts, et al., ) | |
| ) | |
| *Defendants*. ) | |

## ASSENTED-TO MOTION OF GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE AND BRADY CENTER TO PREVENT GUN VIOLENCE FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

*Amicus curiae* Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") and *amicus curiae* Brady Center to Prevent Gun Violence ("Brady") (together, "*Amici*") respectfully move this Court for leave to file an *amicus curiae* brief in support of Defendants' motions for summary judgment (ECF Nos. 39, 53).[1]  In furtherance of this motion, *Amici* state:

1.     *Amicus curiae* Giffords Law Center is a non-profit policy organization serving lawmakers, advocates, legal professionals, gun violence survivors, and others who seek to reduce gun violence and improve the safety of their communities.  The organization was founded more than thirty years ago following after a gun massacre at a San Francisco law firm and was renamed Giffords Law Center in 2017 after joining forces with the gun-safety organization led by former

---

[1]     Counsel for *Amici* have conferred with counsel for Plaintiffs and Defendants.  All parties assent to this motion.  *Amici*'s proposed brief is double-spaced and 20 pages long, as is permitted by the District of Massachusetts Local Rules.

Congresswoman Gabrielle Giffords.  Today, through partnerships with gun violence researchers, public health experts, and community organizations, Giffords Law Center researches, drafts, and defends the laws, policies, and programs proven to effectively reduce gun violence. Together with its partner organization Giffords, Giffords Law Center also advocates for the interests of gun owners and law enforcement officials who understand that Second Amendment rights are consistent with gun-safety legislation and community violence preservation strategies.

2.      Giffords Law Center has contributed technical expertise and informed analysis as an *amicus* in numerous cases involving firearm regulations and constitutional principles affecting gun policy.  *See, e.g.*, *District of Columbia* v. *Heller*, 554 U.S. 570 (2008); *McDonald* v. *City of Chicago*, 561 U.S. 742 (2010); *Lara* v. *Evanchick*, 534 F. Supp. 3d 478 (W.D. Pa. 2021); *Mitchell* v. *Atkins*, 483 F. Supp. 3d 985 (W.D. Wash. 2020); *Capen* v. *Campbell*, 708 F. Supp. 3d 65 (D. Mass. 2023); *Granata* v. *Campbell*, 2025 WL 2495956 (D. Mass. Aug. 29, 2025). Multiple courts have cited research and information from Giffords Law Center's *amicus* briefs in Second Amendment rulings.  *See, e.g.*, *Ass'n of N.J. Rifle & Pistol Clubs* v. *Att'y Gen. N.J.*, 910 F.3d 106, 121-22 (3d Cir. 2018); *Hirschfeld* v. *BATFE*, 417 F. Supp. 3d 747, 754, 759 (W.D. Va. 2019); *Md. Shall Issue* v. *Hogan*, 353 F. Supp. 3d 400, 403-05 (D. Md. 2018); *Stimmel* v. *Sessions*, 879 F.3d 198, 204, 208, 210 (6th Cir. 2018); *Peruta* v. *County of San Diego*, 824 F.3d 919, 943 (9th Cir. 2016) (en banc) (Graber, J., concurring).[2]

3.      *Amicus curiae* Brady is the nation's most longstanding non-partisan, non-profit organization dedicated to reducing gun violence through education, research, and legal advocacy. Brady has a substantial interest in ensuring that the Constitution is construed to protect

---

[2]      Giffords Law Center filed the last two briefs under its former name, the Law Center to Prevent Gun Violence.

Americans' fundamental right to live. Brady also has a substantial interest in protecting the authority of democratically elected officials to address the nation's gun violence epidemic.

4.     Brady has filed *amicus* briefs in many cases involving the regulation of firearms. *See, e.g.*, *United States* v. *Rahimi*, 602 U.S. 680 (2024). Multiple decisions have cited Brady's research and expertise on these issues. *See, e.g.*, *United States* v. *Hayes*, 555 U.S. 415, 426-27 (2009); *Nat'l Ass'n for Gun Rts.* v. *Lamont*, 685 F. Supp. 3d 63, 110 & n.52 (D. Conn. 2023); *Nat'l Ass'n for Gun Rts.* v. *City of San Jose*, 2023 WL 4552284, at *5-6 (N.D. Cal. July 13, 2023); *Hanson* v. *District of Columbia*, 671 F. Supp. 3d 1, 14-15 & n.8, 19-20 & n.10, 23 (D.D.C. 2023).

5.     *Amici* have expertise with laws restricting firearm purchase by minors under the age of 21, and represent the interests of communities—particularly victims of gun violence— who benefit from those laws.[3] *Amici*'s proposed brief, attached to this motion, identifies compelling social science demonstrating that 18-to-20-year-olds are more impulsive and emotionally volatile than older adults because their brains are still developing, and that this age cohort commits a disproportionate share of violent crimes and is at a high risk of suicide. This research shows that the laws challenged here are analogous to historical restrictions on 18-to-20-year-olds and other groups of individuals who present a heightened risk of violence. It also confirms that minimum-age laws promote public safety and save lives.

6.     District courts have "inherent authority and discretion to allow the filing of amicus briefs." *United States* v. *Joseph*, No. 1:19-cr-10141 (D. Mass. Sept. 16, 2019), ECF No. 78 (citing *Bos. Gas Co.* v. *Century Indem. Co.*, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21,

---

[3]     *See, e.g.*, *Minimum Age to Purchase & Possess*, GIFFORDS L. CTR., https://lawcenter.giffords.org/gun-laws/policy-areas/who-can-have-a-gun/minimum-age/ (last visited Nov. 24, 2025).

2006)).  The role of an *amicus curiae* is to "assist the court 'in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'"  *Students for Fair Admissions, Inc.* v. *President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) (quoting *Sierra Club* v. *Wagner*, 581 F. Supp. 2d 246, 250 n.1 (D.N.H. 2008)), *aff'd*, 807 F.3d 472 (1st Cir. 2015).  Courts are "usually delighted to hear additional arguments from able amici that will help the court toward right answers."  *Mass. Food Ass'n* v. *Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999).

7.    The Federal Rules of Civil Procedure do not address participation of *amici curiae* at the district court level.  While it is not controlling here, the Court's discretion may be informed by Federal Rule of Appellate Procedure 29, which requires an explanation of "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case."  Fed. R. App. P. 29(a)(3)(B).  The appellate rule allows prospective *amici curiae* to submit a proposed brief accompanied by a motion for leave to file up to "7 days after the principal brief of the party being supported is filed."  Fed. R. App. P. 29(a)(6).

8.    *Amici curiae* with policy and social science expertise, like Giffords Law Center and Brady, often assist courts through so-called "Brandeis briefs," a "well-known technique for asking the court to take judicial notice of social facts," including empirical evidence. *McCleskey* v. *Kemp*, 753 F.2d 877, 888 (11th Cir. 1985), *aff'd*, 481 U.S. 279 (1987).  *Amici*'s expertise in neuroscience and social science could be particularly helpful to the Court here by explaining the potential real-world consequences of the state age-based restriction.  *See Graham* v. *Florida*, 560 U.S. 48, 68 (2010) (citing Brandeis-style *amicus* briefs that described how "developments in psychology and brain science continue to show fundamental differences

between juvenile and adult minds"). *Amici*'s proposed brief presents several publicly available social science studies, which the Court may properly consider at this stage of the proceedings. *See Doe* v. *Hopkinton Pub. Schs.*, 19 F.4th 493, 506 n.10, 507 n.13 (1st Cir. 2021) (considering social science evidence provided by *amici* on appeal of summary judgment).

9.      Giffords Law Center's and Brady's participation as *Amici* is desirable because they have substantial expertise with the minimum-age restriction at issue in this case, the legal framework applicable to Second Amendment challenges as presented in the Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc.* v. *Bruen*, 597 U.S. 1 (2022), and the relevant social science evidence demonstrating the restriction's effectiveness. The important constitutional principles at stake here are fundamental to *Amici*'s missions and critically important to their supporters. The proposed *amicus* brief can help the Court evaluate the parties' claims by presenting timely social science research that supports Massachusetts' restriction on 18-to-20-year-olds' access to firearms.

10.      A true and correct copy of the proposed *amicus* brief is attached hereto as **Exhibit A**.

*            *            *

For the foregoing reasons, *Amici* respectfully request that the Court grant their motion for leave to file the attached *amicus* brief.

Dated:  November 25, 2025

William T. Clark
GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
244 Madison Avenue, Ste. 147
New York, NY 10016

Leonid Traps
Madeline B. Jenks
Lisa Wang
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Robert A. Sacks
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA 90067

*Of counsel for* Amicus Curiae *Giffords Law Center to Prevent Gun Violence*

Douglas N. Letter
Shira Lauren Feldman
Tess M. Fardon
BRADY CENTER TO PREVENT
GUN VIOLENCE
840 First Street NE, Ste. 400
Washington, DC 20002

*Of counsel for* Amicus Curiae *Brady Center to Prevent Gun Violence*

Respectfully submitted,

/s/ *Michelle C. Yau*
Michelle C. Yau
BBO No. 657236
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
Tel.:  (202) 408-4600
Fax:  (202) 408-4699
myau@cohenmilstein.com

*Counsel of Record for* Amici Curiae

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for all parties conferred in good faith regarding this motion, and the parties assented to this motion.

/s/ *Michelle C. Yau*
Michelle C. Yau
*Counsel for* Amici Curiae

November 25, 2025

## CERTIFICATE OF SERVICE

I certify that this document and attachment, filed through the Court's CM/ECF system, will be sent electronically to the registered participants in this matter as identified on the Notice of Electronic Filing.

/s/ *Michelle C. Yau*
Michelle C. Yau
*Counsel for* Amici Curiae

November 25, 2025