UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MACK ESCHER, GUN OWNERS' ACTION LEAGUE, INC., COMMONWEALTH SECOND AMENDMENT, INC., FIREARMS POLICY COALITION, INC., SECOND AMENDMENT FOUNDATION, INC., NATIONAL RIFLE ASSOCIATION OF AMERICA, and GUN OWNERS OF AMERICA, INC., Plaintiffs, | CIVIL ACTION NO. 1:25-cv-10389-GAO |
| V. | |
| COLONEL GEOFREY NOBLE, in his official capacity as Superintendent of the Massachusetts State Police and of the Commonwealth of Massachusetts, JAMIE GAGNON, in his official capacity as Commissioner of the Department of Criminal Justice Information Services, and HEATH J. ELDREDGE, in his official capacity as Chief of Police of Brewster, Massachusetts, Defendants | |

**UNOPPOSED MOTION TO ALTER OR AMEND THE JUDGMENT**

COME NOW Plaintiffs, by and through the undersigned counsel, to move this Court pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the Judgment, Doc. 70, entered in this case on August 24, 2026. In support of this unopposed motion, Plaintiffs state:

1. This case presents a challenge to Massachusetts' laws restricting 18-to-20-year-old adults from acquiring semiautomatic firearms and handguns and from carrying handguns for self-defense in public. Plaintiffs in this case are Mack Escher, an individual and resident of Brewster, Massachusetts, and several membership organizations that count him as a member. Defendants are two state officials with roles in enforcing the ban statewide ("State Defendants"), as well as Heath Eldredge, the local licensing authority in Brewster.

2. On August 21, 2026, this Court entered an opinion and order resolving all parties' cross-motions for summary judgment, ruling in favor of Defendants and against Plaintiffs on the

basis that the laws challenged were consistent with the Second Amendment. *See* Op. & Order, Doc. 69. Judgment was entered on August 24, 2026. *See* Judgment, Doc. 70.

3. This motion to alter or amend does not seek to alter the merits of the Court's judgment, but rather to set it aside to allow for the substitution of parties that will ensure that appropriate parties are in the case for future appellate proceedings. If this Court grants the instant motion, Plaintiffs will file a motion to amend the complaint to add as a Plaintiff Lola Crisp, a member of the Associational Plaintiffs in this case, and to add her local licensing official, Chief Jean Challies, of the Barnstable Police Department, as a Defendant in the place of Defendant Eldredge. Because the amended complaint will add a new party, in the event the Court grants this motion Plaintiffs will comply with Local Rule 15.1(b) before filing the motion to amend the complaint.

4. A Rule 59(e) motion is the proper vehicle to set aside the judgment in order to permit the filing of an amended complaint. *See City of Miami Fire Fighters' and Police Officers' Ret. Tr. v. CVS Health Corp.*, 46 F.4th 22, 36 (1st Cir. 2022). "District courts have 'substantial discretion and broad authority in resolving a Rule 59(e) motion." *United States ex rel. Solano v. Barton Assocs., Inc.*, 177 F.4th 315, 321 (1st Cir. 2026) (quotation marks omitted). In cases where leave is sought to set aside the judgment to permit the filing of an amended complaint, courts have held that "the broad standard for allowing a court to grant the motion [under Rule 59(e)] allows the court simply to turn to the standard applicable to the motion to amend [the complaint]." *Daulatzai v. Maryland*, 97 F.4th 166, 178–79 (4th Cir. 2024); *see also BLOM Bank SAL v. Honickman*, 605 U.S. 204, 214–16 (2025) (explaining that Rule 59(e) motions combined with Rule 15 motions "do not require a movant to show . . . 'extraordinary circumstances' to receive relief"); *id.* at 214 (approvingly citing *Daulatzai*).

5. Under Rule 15(a), after the time for service of a responsive pleading has lapsed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). "The determination of when justice requires the allowance of an amendment to pleadings involves a balancing of the generally liberal pleading standards of the federal rules with the risk of undue prejudice to the opposing party." *Bowers v. Baystate Techs., Inc.*, No. 91-40079-NMG, 2004 WL 7344671, at *3 (D. Mass. June 16, 2004). When adding a party by way of amending the pleadings, the standards under Rule 21 and Rule 15 are the same. *Id.* at *3–*4.

6. Here, although the proposed amended complaint, attached as Exhibit A to this motion, would change parties on both sides of the "v." it will not make a substantive difference or require any changes to the Court's judgment other than to alter the names. On the Plaintiffs' side, adding Crisp as a plaintiff does not alter the merits of the dispute or prejudice Defendants because, insofar as the constitutionality of the challenged Massachusetts laws are concerned, the individual facts of Crisp's and Escher's cases are relevant only to the extent they inform the issue of standing. *Cf. Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011) ("In a facial constitutional challenge, individual application facts do not matter. Once standing is established, the plaintiff's personal situation becomes irrelevant.").

7. On the Defendants' side, adding Challies will similarly not alter the substance of this case—she plays the same role in the licensing system as Defendant Eldredge—nor will it prejudice her or the other Defendants. Although adding a defendant post-judgment can be fraught when "courts must necessarily consider the due process implications involved in the imposition of liability upon a party that has not had the benefit of defending itself during the litigation," *Bowers*, 2004 WL 7344671, at *3, that concern is not present here where Challies will be entering this case

as a victor. Moreover, as a defendant in her official capacity only, this case "is not a suit against [Challies] but rather is a suit against [her] office. . . . As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In that sense, nothing will change by the addition of Challies and the subtraction of Eldredge.

8. Plaintiffs are also submitting, attached as Exhibit B to this motion, a declaration from their new proposed Plaintiff-member, Lola Crisp, to substantiate her standing to participate in this suit. *See* Decl. of Lola Crisp.

9. Crisp is a 17-year-old member of each of the Plaintiff Organizations and a resident of Barnstable, Massachusetts. *Id.* at ¶¶ 1–3. She possesses a firearm identification card, which permits her to own some firearms, but not semiautomatic firearms or handguns. *Id.* at ¶ 5.

10. Crisp desires to own a semiautomatic shotgun and a handgun and to carry a handgun on occasion for self-defense. If it were not for the laws at issue in this case, upon turning 18 in October, Crisp would acquire a semiautomatic shotgun and use it for hunting and would also acquire a handgun and carry it on occasion in public for self-defense. *Id.* at ¶¶ 6–7.

11. Because the Plaintiff Organizations have continuously had at least one member with standing, they retain standing to litigate this case. *See, e.g.*, *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1037 (6th Cir. 2022) (An organization may show "associational standing with one named member in the complaint and then maintain[] a live controversy after the original member's claim is extinguished by identifying some other named member who would have a live claim in his own right."); *see also Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 930 (7th Cir. 2013) (suggesting that organization would have maintained standing if it could have found "another member in th[e]

particularized position" presented by the original plaintiff member); *Or. Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1117–18 (9th Cir. 2003).

12. In similar circumstances, several courts, at even later stages of the case than this, have taken notice of new members to support standing and permit similar suits to continue. *See Brown v. BATFE*, No. 23-2275, 2025 WL 1704429, at *1 (4th Cir. June 18, 2025) (per curiam); Order, *Reese v. BATFE*, No. 23-30033 (5th Cir. Jan. 30, 2024), Doc. 92-2; *Lara v. Comm'r Pa. State Police*, 125 F.4th 428, 445–46, nn.28–29 (3d Cir. 2025) (granting, over the state's objection, a second motion to supplement the record with the declaration of a new member and confirming the plaintiff organizations retained standing to sue on behalf of that member); *Worth v. Jacobson*, 108 F.4th 677, 686–87 (8th Cir. 2024) (granting, over the state's objection, a motion to supplement the record and holding the plaintiff organizations had "an unbroken chain of standing through" a member declarant).

13. Plaintiffs have conferred with counsel for Defendant Eldredge and the State Defendants and they do not oppose this motion.

September 21, 2026

Respectfully submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

*Admitted *pro hac vice*

Jason A. Guida (BBO# 667252)
Principe & Strasnick, P.C.
17 Lark Avenue
Saugus, MA 01960
(617) 383-4652
jason@lawguida.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this September 21, 2026, I filed the foregoing Unopposed Motion to Alter or Amend the Judgment via the Court's CM/ECF appellate system, which will electronically notify all counsel requiring notice.

Respectfully submitted,

*/s/ David H. Thompson*
David H. Thompson

*Counsel for Plaintiffs*