UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MACK ESCHER, GUN OWNERS' ACTION LEAGUE, COMMONWEALTH SECOND AMENDMENT, FIREARMS POLICY COALITION, INC., SECOND AMENDMENT FOUNDATION, NATIONAL RIFLE ASSOCIATION OF AMERICA, and GUN OWNERS OF AMERICA, INC, Plaintiffs, | ) CIVIL ACTION NO. 1:25-cv-10389-GAO |
| V. | ) |
| COLONEL GEOFREY NOBLE, in his official capacity as Superintendent of the Massachusetts State Police and of the Commonwealth of Massachusetts, JAMIE GAGNON, in his official Capacity as Commissioner of the Department of Criminal Justice Information Services, and HEATH J. ELDREDGE, in his official capacity as Chief of Police of Brewster, Massachusetts, Defendants | ) |

**MOTION TO AMEND THE COMPLAINT TO ADD NEW PARTIES**

COMES NOW Plaintiffs, by and through the undersigned counsel, to move this Court, Pursuant to Federal Rules of Civil Procedure 15 and 21, *see Bowers v. Baystate Tech.*, 2004 WL 7344671, at *3 (D. Mass. 2004) (recognizing the same standard applies to motions under either rule) to file an amended complaint, adding two new parties to this action: Plaintiff Lola Crisp, a member of each of the Plaintiff Organizations and resident of Barnstable, Massachusetts, and Defendant Jean Challies in her official capacity as the Chief of Police of Barnstable, Massachusetts. A copy of the proposed amended complaint, and a redline against the existing complaint, are attached to this motion.[1] In support of this motion, Plaintiffs state:

[1] The proposed amended complaint attached to the instant motion differs in one respect from the proposed amended complaint filed as an attachment to Plaintiffs' Motion to Alter or Amend the Judgment, *see* Doc. 71-1 (Sept. 21, 2026). At the time of that earlier filing, Crisp was 17 years old but she has since turned 18 and the proposed complaint reflects that fact throughout.

1. This case presents a challenge to Massachusetts' laws restricting 18-to-20-year-old adults from acquiring semiautomatic firearms and handguns and from carrying handguns for self-defense in public. Plaintiffs in this case are Mack Escher, an individual and resident of Brewster, Massachusetts, and several membership organizations that count him as a member. Defendants are two state officials with roles in enforcing the ban statewide ("State Defendants"), as well as Heath Eldredge, the local licensing authority in Brewster.

2. At the time the complaint was filed, Escher was 19 years old and had standing to challenge the restrictions. He has, however, turned 21 and his individual claim is now moot. In his place, the Plaintiff Organizations have identified another member, Lola Crisp, who has standing to challenge the restrictions herself. *See, e.g.*, *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1037 (6th Cir. 2022) (An organization may show "associational standing with one named member in the complaint and then maintain[] a live controversy after the original member's claim is extinguished by identifying some other named member who would have a live claim in his own right.").

3. Although the proposed amendment requires changes on both sides of the "v." in this case, it will make no substantive difference.

4. Adding Crisp as a plaintiff at this stage will have no impact on the merits of the dispute before the Court and will not prejudice Defendants. Because Plaintiffs raise a general Second Amendment challenge to the 18-to-20-year-old restriction that would apply to all law-abiding adult residents of Massachusetts in that age range, the individual facts of Escher's or Crisp's cases are relevant only to the extent they inform the issue of standing. *Cf. Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011) ("In a facial constitutional challenge, individual

application facts do not matter. Once standing is established, the plaintiff's personal situation becomes irrelevant.").

5. Nor will adding Challies as a defendant impact the substance of this case or prejudice Defendants. As a defendant in her official capacity only, this case "is not a suit against [Challies] but rather is a suit against [her] office. … As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Her role in this case will be precisely the same as Defendant Eldredge's role was when Escher was a plaintiff: as a licensing official who could be enjoined, should Plaintiffs prevail on the merits, to award licenses to otherwise qualified 18-to-20-year-olds despite their age. *See* Pls.' Opp. to Defs.' Mots. for Summ. J. at 2–3, Doc. 59 (Dec. 18, 2025).

6. Although this motion comes later than the amendment deadline of June 1, 2025 in the governing scheduling order, *see* Doc. 36 (May 20, 2025), and after summary judgment has been briefed and argued, there is good cause to grant this motion because, at the time of the deadline to amend, Plaintiff Escher still had standing and there was no need to add an additional plaintiff. Permitting Plaintiffs to do so now will allow this case to proceed despite the mootness of the named individual plaintiffs' case, with the appropriate Plaintiffs and Defendants all before the Court and subject to its remedial authority.

7. Plaintiffs have conferred with counsel for Defendant Eldredge and the State Defendants and they do not oppose.

Dated November 18, 2026

Respectfully submitted,

*/s/ David H. Thompson*

David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*

Jason A. Guida (BBO# 667252)
Principe & Strasnick, P.C.
17 Lark Avenue

Saugus, MA 01960
(617) 383-4652
jason@lawguida.com

COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this November 18, 2026, I filed the foregoing Motion to Amend the Complaint to Add Parties via the Court's CM/ECF appellate system, which will electronically notify all counsel requiring notice.

Respectfully submitted,

*/s/ David H. Thompson*
David H. Thompson

*Counsel for Plaintiffs*

**RULE 15.1 CERTIFICATE**

I hereby certify that on November 4, 2026, I served a copy of the foregoing motion on Defendant Jean Challies, along with a copy of the proposed amended complaint and a separate document stating the date on which the motion would be filed.

Respectfully submitted,

*/s/ David H. Thompson*
David H. Thompson

*Counsel for Plaintiffs*